(85 South. 35)

ALABAMA CORDAGE & TWINE CO. v. MONTGOMERY CORDAGE CO. (6 Div. 607.)

(Court of Appeals of Alabama.   Jan. 20, 1920.)

Sales ⊜⟶172—Proof of Ability to Pay and Willingness to Accept are Essential to Recovery for Breach of Contract of Sale.

In an action on a note and for goods sold, where defendant set up as plea in recoupment breach of a contract for the sale of other goods, proof of defendant's ability to pay therefor and willingness to accept are essential to recovery, though the plea was by consent in short form, and where there was no proof of ability to pay, there can be no recovery on such plea.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Assumpsit by the Montgomery Cordage Company against the Alabama Cordage & Twine Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

Thompson & Thompson, of Birmingham, for appellant.

The defendant ordered goods from the plaintiff, which order was accepted, but the goods not shipped. Plaintiff was therefore liable in damages to the defendant. 91 Ala. 576, 8 South. 719; 78 Ala. 512; 65 Ala. 418; 68 Ala. 66; 96 Ala. 255, 11 South. 280; 181 Ala. 439, 61 South. 345; 104 Ala. 449, 18 South. 38.

London, Yancey & Brower, of Birmingham, for appellee.

The refusal to pay for an installment of goods when due authorizes the seller to refuse to make further deliveries.   200 Ala. 672, 77 South. 48; 130 Mich. 124, 89 N. W. 718; 19 R. I. 380, 582, 35 Atl. 210; 137 N. Y. 471, 33 N. E. 561; 149 Ill. 138, 36 N. E. 557; 230 Mass. 350, 119 N. E. 790. The proof did not meet the plea of recoupment. 201 Ala. 222, 77 South. 748.

SAMFORD, J.  The plaintiff's suit rested on four counts, the first declaring on a promissory note for $415.97, interest and attorney's fees, and the other three counts were on account claiming $294.87. The defendant's plea was in short by consent, with leave to give in evidence, etc. The court, sitting without a jury, rendered judgment for the plaintiff in the aggregate amount of $635, and this action of the court is here assigned as error. It was admitted that the note was executed and delivered for value received, and that the goods claimed for in the account had been shipped and received, but the defendant sought by way of recoupment and set-off to avoid payment, claiming that plaintiff had violated its contract with defendant by its failure to deliver a certain amount of twine contracted for by the defendant with plaintiff to be delivered on order before June 30, 1916, terms 2 per cent. 10 days or 30 days net.

It is true the plea of recoupment was in short by consent and informal, but, when this is the case, the evidence must supply the necessary allegations of the plea, among which are the readiness, ability, and willingness of the defendant to receive pay for the goods according to the contract of purchase. Lysle Milling Co. v. N. Alabama Grocery Co., 201 Ala. 222, 77 South. 748. The evidence, to be sure, showed a readiness and willingness to receive the goods, but it utterly failed to show present ability to pay for them according to the terms of the contract. This was fatal to defendant's case, and this fact alone would have justified a judgment for the entire amount sued for. The judgment being for a less amount, the defendant cannot complain.

There are other phases of the case that might sustain the court's findings, but, not being necessary to a conclusion, they are not here considered.

We find no error in the record, and the judgment is affirmed.

Affirmed.